■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CRUZ, Appellant. [664 NYS2d 71] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sampson, J.), rendered May 19, 1995, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the voir dire, one of the prospective jurors gave equivocal responses regarding evidence and the burden of proof. The court simply allowed the subject to drop. Shortly thereafter, when the defendant challenged the prospective juror for cause, the court summarily, and improperly, rejected the challenge.

The prosecutor contends that because the defense attorney did not seek clarification from the prospective juror, the challenge for cause was appropriately rejected by the court. We disagree.

When prospective jurors are questioned as to their fitness to serve, it is the court's duty to assure that jurors are not approved when challenged for cause in the face of equivocal responses that are left lingering (*see generally, People v Birch,* 215 AD2d 573; *People v Bracetty,* 216 AD2d 479; *People v Sumpter,* 237 AD2d 389). Accordingly, reversal is warranted. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.