■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THIGPEN, Appellant. [715 NYS2d 74] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 23, 1997, convicting him of burglary in the second degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During voir dire, a prospective juror, a police officer, stated that police officers were inherently more credible witnesses because they had taken an oath which required them to testify truthfully. After this statement was made, the court told the prospective juror that it had to "treat a police officer like anyone else," to which he responded "I think so." However, the court did not further explore the prospective juror's bias or attempt to otherwise elicit an expurgatory oath.

The tendency to accept uncritically the testimony of police officers constitutes a "state of mind that is likely to preclude [the juror] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; *see, People v Zachary,* 260 AD2d 514; *People v Sumpter,* 237 AD2d 389). Furthermore, contrary to the People's contention, it is the obligation of the trial court, and not of the defense counsel, to "require the prospective juror to 'expressly state that his prior state of mind * * * will not influence his verdict, and * * * that he will render an impartial verdict based solely on the evidence' " (*People v Torpey,* 63 NY2d 361, 367, quoting *People v Biondo,* 41 NY2d 483, 485, *cert denied* 434 US 928; *see also,*

*People v Zachary, supra; People v Cruz,* 244 AD2d 417). Here, the court failed to obtain such a statement from the prospective juror and denied the defendant's challenge for cause. Inasmuch as the defendant was forced to use a peremptory challenge to excuse the prospective juror and then subsequently exhausted all of his challenges before jury selection was complete, we reverse and order a new trial (*see,* CPL 270.20 [2]; *People v Torpey, supra; People v Molinari,* 252 AD2d 532).

We note that some of the prosecutor's statements in summation were improper, including his reference to the defendant's prior convictions and his arguments predicated upon facts not in evidence.

In light of the above determination, we need not address the defendant's remaining contentions. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.