[908 NE2d 884, 880 NYS2d 894]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS ALEMAN, Appellant.

Argued April 1, 2009; decided April 30, 2009

**APPEARANCES OF COUNSEL**

*Office of the Appellate Defender*, New York City (*Richard M. Greenberg* and *Christina Graves* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Alice Wiseman* and *Hilary Hassler* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed and the case remitted for a new trial.

In response to a note from the deliberating jury stating that it was "hopelessly deadlocked" and that some jurors were inclined to acquit because defendant had spent some time in jail and deserved another chance, the trial court gave a lengthy, rambling instruction that chided the jury for not "following the rules" and implied that certain jurors had violated their promise that they would comply with the court's instructions on the law. The court then adjourned deliberations and sent the jury home "to figure out whether, in your own [conscience], you are willing to follow the rules."

The court did not, however, respond to the jury's statement that it was deadlocked. By failing to appropriately address the possible deadlock, the trial court created a significant risk that jurors would interpret his remonstrations about "following the rules" as a direction that the jury must reach a verdict at all costs otherwise it would be breaking the rules. These repeated, strident statements by the court were not balanced by an instruction that jurors must not surrender their conscientiously held beliefs, as recommended in the pattern deadlock charge appearing in the Criminal Jury Instructions (*see* CJI2d[NY] Deadlock Charge).

Our holding here should not be interpreted as suggesting that trial courts can do nothing more than parrot the language in the CJI deadlock charge. We appreciate that responses to jury notes must be tailored to the circumstances at hand, as was the case here where there was a serious misconception by some jurors as to what were proper considerations in evaluating the evidence. But, the trial court having determined that a supplemental instruction was necessary, we cannot condone its failure to issue an appropriate and balanced deadlock instruction that, in tenor and substance, conveyed the principles reflected in the pattern charge, supplemented by a focused response to the other issues raised in the note (*see People v Aponte*, 2 NY3d 304 [2004]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed and a new trial ordered, in a memorandum.