■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSELIN PEREZ, Appellant. [889 NYS2d 43]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 14, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled

substance in the first and third degrees, and sentencing him to an aggregate term of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People concede, defendant is entitled to a new trial because, as the Court of Appeals stated in reversing the conviction of a jointly tried and similarly situated codefendant, the trial court failed "to issue an appropriate and balanced deadlock instruction" (*People v Aleman*, 12 NY3d 806, 807 [2009]).

Defendant's legal sufficiency argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence connected defendant to very large amounts of drugs and money, and it supports the conclusion that defendant was a knowing participant in a large-scale drug enterprise.

The court properly denied defendant's motion to suppress evidence recovered as the result of a search of a garage and vehicles parked therein pursuant to a search warrant. The court correctly concluded that defendant failed to demonstrate a legitimate expectation of privacy with respect to the garage or any of the vehicles, including the one he had been seen driving earlier in the day (*see People v Wesley*, 73 NY2d 351 [1989]; *People v Di Lucchio*, 115 AD2d 555 [1985], *lv denied* 67 NY2d 942 [1986]; *compare People v Gonzalez*, 68 NY2d 950 [1986]). We have considered and rejected defendant's remaining suppression claims, including those contained in his pro se supplemental brief.

Since a new trial is required, we find it unnecessary to reach any other issues. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.