■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN YOUNG, Appellant. [988 NYS2d 720]—

Egan Jr., J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered August 19, 2011, upon a verdict convicting defendant of the crimes of burglary in the first degree, robbery in the first degree and grand larceny in the third degree.

In the early morning hours of August 19, 2010, defendant and another assailant forced their way at gun point into the victim's apartment in the City of Schenectady, Schenectady County, ordered Winston Tull and William Davis, who were visiting the victim, to lie on the floor and stole money and drugs from the victim before fleeing the apartment. Following a jury trial, defendant was convicted of burglary in the first degree, robbery in the first degree and grand larceny in the third degree and was sentenced to an aggregate prison term of 20 years. Defendant now appeals.

We agree with defendant that County Court committed reversible error in denying his challenge for cause to prospective juror No. 153. "Prospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (*People v Arnold*, 96 NY2d 358, 363 [2001] [citations omitted]; *see People v Harris*, 19 NY3d 679, 685 [2012]; *People v McGuire*, 101 AD3d 1386, 1388 [2012]). Here, during jury selection, juror No. 153 stated that he was "very uncomfortable" about the alleged use of a firearm during the commission of the charged crimes. When asked by defense counsel if his stated discomfort was something that would affect his ability to keep an open mind, juror No. 153 responded, "It might. I can't say for sure what it is, but it's a concern to me."

After questioning of this panel had concluded, and out of the presence of the prospective jurors, defense counsel challenged juror No. 153 for cause. County Court, stating that defense counsel failed to ask any follow-up questions of juror No. 153 at the time the juror made the subject statements in order to make out an appropriate foundation for cause, denied the challenge. Having heard the statements by juror No. 153, County Court should have either granted the challenge for cause or conducted a further inquiry of that juror and obtained express, unequivocal assurances on the record of his impartiality (*see People v Harris*, 19 NY3d at 685-686; *People v McGuire*, 101 AD3d at 1388; *People v Thigpen*, 277 AD2d 261, 261 [2000]). As the record demonstrates, no such assurances were even sought—much less obtained—from this particular juror. Although the record

as a second felony offender to a prison term of eight years, with five years of postrelease supervision. He now appeals.

Defendant's primary contention on appeal is that his guilty plea must be vacated because it was the product of coercion in that the plea agreement offered by the People was impermissibly conditioned on his waiver of his pending constitutional speedy trial motion, which he argues was meritorious (*see People v Blakley*, 34 NY2d 311, 313-315 [1974]; *People v White*, 32 NY2d 393, 399-400 [1973]; *see also People v Alexander*, 19 NY3d 203, 205, 212-219 [2012]; *People v Callahan*, 80 NY2d 273, 278-279, 282 [1992]; *People v Seaberg*, 74 NY2d 1, 9 [1989]). While the claims regarding the coercive and involuntary nature of the plea survive his guilty plea and appeal waiver (*see People v Seaberg*, 74 NY2d at 9),[1] they were not raised in a postallocution motion to withdraw the plea (*see* CPL 220.60 [3]) but, rather, were raised for the first time on appeal.[2] As such, the People contend that defendant failed to preserve this claim for appellate review.

Generally, a claim that a guilty plea is invalid is not preserved for appellate review unless first raised in the trial court (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Jones*, 114 AD3d 1080, 1081 [2014]). Except as set forth below, this holds true for a claimed violation of a defendant's constitutional right to a speedy trial (*see People v Archie*, 116 AD3d 1165, 1165 [2014]). "Under certain circumstances, this preservation requirement extends to challenges to the voluntariness of a guilty plea" (*People v Peque*, 22 NY3d 168, 182 [2013] [citations omitted]; *see People v Tyrell*, 22 NY3d 359, 363-364 [2013]; *People v Murray*, 15 NY3d 725, 726 [2010]; *People v Louree*, 8 NY3d 541, 546 [2007]). Notably, the Court of Appeals has recently cited to *People v Blakley* (34 NY2d at 315) as an example of the "mode of proceedings" exception to the preservation rule (*People v Hanley*, 20 NY3d 601, 604, 605 n 2 [2013]). In that case, the Court held that conditioning a plea on a waiver of a constitutional speedy trial claim is "inherently coercive" (*People v Blakley*, 34 NY2d at 313). The narrow mode of proceedings exception speaks to fundamental flaws that implicate "rights of a constitutional dimension that go to the very heart of the process" (*People v Hanley*, 20 NY3d at 604 [internal

---

1. By comparison, defendant's statutory speedy trial claim, also unpreserved, was forfeited by his guilty plea and appeal waiver (*see People v Devino*, 110 AD3d 1146, 1147 [2013]).

2. Since the conditional plea/waiver is clear from the face of the record, defendant would not have been able to challenge the plea in a CPL article 440 motion (*see People v Louree*, 8 NY3d 541, 546 n [2007]). A motion to withdraw the plea under CPL 220.60 (3), however, was certainly an available remedy.

quotation marks and citation omitted]; *see People v Becoats*, 17 NY3d 643, 650-651 [2011]). Where, as in *Blakley*, the People condition a plea offer on the defendant's waiver of his or her constitutional speedy trial claim, the integrity of the judicial process has been undermined (*see People v Callahan*, 80 NY2d at 280; *People v Seaberg*, 74 NY2d at 9; *People v Blakley*, 34 NY2d at 315; *People v White*, 32 NY2d at 400).

Here, the People expressly conditioned the plea offer on defendant's withdrawal of his constitutional speedy trial motion, while the hearing on this issue was still pending. To make matters worse, the offer was set to expire as soon as the hearing resumed (*see People v White*, 32 NY2d at 400). This is the type of prosecutorial bartering expressly prohibited as "inherently coercive" in *People v Blakley* (34 NY2d at 313). A trial court has a core obligation to recognize and prevent such an unfair tactic, but here the court simply reiterated the impermissible condition of the plea and waiver (*compare People v Walston*, 23 NY3d 986, 989-990 [2014]). Inasmuch as this case involves a "mode of proceedings error for which preservation is not required" (*People v Tyrell*, 22 NY3d at 364), we find that defendant's claim that his plea was coerced is reviewable on direct appeal. Further, based upon the foregoing, we find merit in this claim and, therefore, conclude that the plea must be vacated.

We turn next to defendant's further claim that he was denied his constitutional right to a speedy trial and that the indictment should, therefore, be dismissed. On the first day of the speedy trial hearing, the People presented testimony from the investigating officers as to efforts made to identify and locate defendant prior to the indictment.[3] The matter was adjourned at defendant's request to assess whether he would testify. Prior to adjourning the proceeding, County Court reminded the People that "if you want to call warrant witnesses, feel free to do that. I've indicated I'd let you do that anyway." At the next appearance, defendant entered a plea of guilty without further testimony being presented. Accordingly, since the record is insufficient to resolve the merits of defendant's constitutional speedy trial claim, the case must be remitted to County Court for fur-

---

**3.** Although the People did not explicitly state that they had rested, the dialogue between County Court and counsel indicates a misunderstanding that only preindictment delay was at issue (*see People v Edwards*, 271 AD2d 812, 812 [2000]). Since the extensive delay here was postindictment, the People bear the burden of demonstrating good cause for the delay (*see People v Decker*, 13 NY3d 12, 14 [2009]; *People v Romeo*, 12 NY3d 51 [2009], *cert denied* 558 US 817 [2009]; *People v Vernace*, 96 NY2d 886, 887 [2001]).

ther proceedings on the motion (*see People v Lee*, 66 AD3d 1116, 1121 [2009]).

Stein, J.P., McCarthy, Garry and Devine, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.