■ In the Matter of STATE OF NEW YORK, Respondent, v KEITH G., Appellant. [58 NYS3d 504]—

Appeals from (1) a decision of the Supreme Court, Kings County (Ozzi, J.), dated December 9, 2014, and (2) an order of that court, also dated December 9, 2014. The order, made after a jury trial, granted the petition pursuant to Mental Hygiene Law article 10 and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and a new trial is ordered.

The State of New York commenced this proceeding pursuant

to Mental Hygiene Law article 10 for the civil management of the appellant, a convicted sex offender. Following a trial, the jury found that the appellant suffers from a "mental abnormality" as defined by the Mental Hygiene Law. Thereafter, following a separate dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement, and thereupon, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.

The appellant contends that the evidence was legally insufficient to establish that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) because the diagnosis that was offered by the State's expert is not generally accepted in the relevant scientific community. However, that contention is unpreserved for appellate review (*see Matter of State of New York v Patrick L.*, 141 AD3d 591, 592 [2016]; *Matter of State of New York v David S.*, 136 AD3d 445, 446 [2016]). To the extent that the appellant raises additional legal sufficiency arguments, the jury's verdict was supported by legally sufficient evidence, since there was a valid line of reasoning to support the jury's determination (*see Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Moreover, because the jury's verdict was supported by a fair interpretation of the evidence, it was not contrary to the weight of the evidence (*see* Mental Hygiene Law §§ 10.03 [i]; 10.07 [a]; *Matter of State of New York v Ian I.*, 127 AD3d 766, 767 [2015]; *Matter of State of New York v Derrick B.*, 68 AD3d at 1126).

However, the appellant correctly contends that reversal and a new trial are required based on the trial court's erroneous denial of his challenge to a prospective juror for cause. The record of the voir dire reveals that after the appellant's counsel disclosed that the appellant previously had committed rapes and robberies against 11 different victims and had been dubbed "the Flatbush rapist" in 1991, a prospective juror repeatedly turned away from counsel, said "Wow" on numerous occasions, and acknowledged that she remembered the Flatbush rapist. She further expressed the concern that "I got too many granddaughters," and when asked at various points if the appellant's prior offenses might influence her ability to be fair, she remarked "I just went blank," "I don't know, I—it—," and "You know I'm looking at the man and I'm—I know his face, but that's when he was young and I'm like, wow." Significantly, the prospective juror never unequivocally asserted that she could

be fair and impartial following these remarks. The appellant's subsequent challenge to the prospective juror for cause was denied, and the appellant utilized a peremptory challenge to remove her from the panel.

The appellant contends that the denial of his for-cause challenge constituted error. We agree. Contrary to the State's contention, this issue is preserved for appellate review, since the appellant exhausted his peremptory challenges before jury selection was completed (*see People v Harris*, 19 NY3d 679, 685 [2012]; Mental Hygiene Law § 10.07 [b]; CPL 270.20 [2]). Turning to the merits, CPL 270.20 (1) (b) provides that a challenge for cause is authorized when a prospective juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where a prospective juror's responses raise serious doubt with regard to his ability to be impartial, that prospective juror must be excused absent an unequivocal statement on the record assuring that he or she can be fair and impartial (*see People v Arnold*, 96 NY2d 358, 363 [2001]; *People v Johnson*, 94 NY2d 600, 614 [2000]). Here, the equivocal responses of the prospective juror, along with her other remarks and expressions of concern, raised substantial doubt as to whether she could be fair and impartial in her evaluation of the case, triggering an obligation on the part of the Supreme Court to inquire further (*see People v Thigpen*, 277 AD2d 261, 261 [2000]). Having failed to conduct such an inquiry, the court erred in denying the appellant's for-cause challenge to that prospective juror (*see People v Harris*, 19 NY3d at 685-686; *People v Young*, 119 AD3d 970, 971-972 [2014]; *People v Thigpen*, 277 AD2d at 261-262; *People v Cruz*, 244 AD2d 417, 418 [1997]). Accordingly, reversal and a new trial are warranted.

In view of the foregoing, we do not reach the appellant's remaining contentions. Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.