People v Taylor (2024 NY Slip Op 02261)

People v Taylor

2024 NY Slip Op 02261

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Ind. No. 1630/10 Appeal No. 2129-2129A Case No. 2016-939 2022-02427 

[*1]The People of the State of New York, Respondent,
v
Zarnoff Taylor, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Margaret E. Knight of counsel), and Holwell Shuster & Goldberg, LLP, New York (Lauren Cole of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John Carter, J.), rendered August 31, 2015, convicting defendant, after a jury trial, of murder in the first degree and attempted murder in the second degree, and sentencing him to an aggregate term of life without parole, and order, same court (Ethan Greenberg, J.), entered on or about December 23, 2020, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
Defendant's legal insufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict convicting defendant of first-degree murder was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence, along with reasonable inferences that could be drawn therefrom, established that defendant was the individual who shot and killed the deceased victim. Defendant was the only person in the group of abductors who had a gun, and the surviving victim testified that after defendant shot him, he heard several more shots seconds later, before seeing the deceased victim lying motionless on the ground.
Defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Although defendant's trial counsel suffered from terminal lung cancer during the trial, and unfortunately passed away shortly after the verdict, his illness did not render him presumptively unable to provide meaningful representation. Rather, the trial record demonstrates that, as the trial judge found in denying defendant's CPL 330.30 motion to set aside the verdict, counsel provided competent, meaningful representation. Counsel made appropriate objections and evidentiary arguments, conducted vigorous cross-examinations of the surviving victim and other witnesses, and presented a cogent summation. Defendant's attacks on counsel's representation are based on his decision not to pursue alternate strategies rather than actual errors, and do not amount to ineffective assistance.
Defense counsel's health significantly deteriorated after the partial verdict convicting defendant of attempted murder, at which point deliberations were stopped until appointment of counsel's former law partner, Martin Goldberg, Esq., an experienced homicide attorney, as co-counsel for the remainder of the proceedings, with counsel available by telephone to discuss the case [FN1]. Thus, counsel's health did not affect his performance at trial.
The court properly denied defendant's CPL 440.10 motion without a hearing. Defendant contends that the court should have ordered a hearing to resolve a factual dispute as to whether counsel failed to convey a 20-year plea offer to defendant. The only source of the allegation that the plea offer was not conveyed[*2], however, was defendant's own affidavit, which was contradicted by the recollection of the trial judge and the two trial prosecutors that the offer was made in defendant's presence, and that defendant rejected it after discussing it with counsel. The court was entitled to summarily deny the motion because it was based on an allegation that was made "solely by the defendant" and "unsupported by any other affidavit or evidence," and there was "no reasonable possibility" that the allegation was true (CPL 440.30[4][d][i], [ii]).
Defendant was not deprived of counsel at a crucial stage of trial on April 16, 2015, the first day counsel was unable to appear in court (see generally United States v Cronic, 466 US 648, 653 [1984]). Mr. Goldberg was appointed co-counsel to represent defendant, and the court did not permit the jury to continue deliberations until Mr. Goldberg had reviewed the transcript and the exhibits. Although defendant made a pro se motion for a mistrial that day, alleging ineffective assistance, before Mr. Goldberg had knowledge of the case, Mr. Goldberg conveyed the motion to the court, which denied the motion based on its own observations.
Defendant was not denied effective assistance of counsel at sentencing. Although counsel made errors as to the sentence required for first-degree murder, he made an appropriate argument for leniency, submitted a presentencing memorandum presenting mitigating factors, which was supported by favorable letters from defendant's friends and family, and urged the court not to impose a consecutive sentence for the lesser crime. Thus, counsel provided meaningful representation (see Benevento, 91 NY2d at 712). Further, since the court rejected counsel's efforts to have concurrent sentences imposed, there was no prejudice resulting from counsel's error regarding the minimum permissible sentence for the murder conviction.
The court did not violate the procedure set forth in People v O'Rama (78 NY2d 270 [1991]) in its handling of an oral question by a juror as to whether the verdict must be unanimous outside the presence of the parties. The requirements of O'Rama did not apply, as the court had stopped deliberations at the time (see CPL 310.30). Moreover, the court appropriately refused to answer the oral question and informed the juror that the question could be asked when the parties returned (cf. People v McGuire, 101 AD3d 1386, 1389-1390 [3d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024

Footnotes

Footnote 1: The defendant consented to the appointment of Mr. Goldberg in writing.