■ Olga Santiago et al., Respondents, v New York City Housing Authority, Appellant. [701 NYS2d 31] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered on or about October 9, 1998, upon a jury verdict, awarding plaintiff damages structured pursuant to CPLR article 50-B, unanimously modified, on the facts, to the extent of vacating the jury award of $400,000 for future pain and suffering and remanding the matter for a new trial solely upon the issue of plaintiff's damages for future pain and suffering, and otherwise affirmed, without costs, unless within 30 days of the date of this order plaintiff stipulates to reduce the jury award, prior to reduction for comparative negligence, for future pain and suffering to $200,000 and to entry of an amended judgment in accordance therewith. Appeal from order, same court and Justice, entered on or about October 9, 1998, unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

Defendant Housing Authority, having failed to move for a directed verdict upon the ground that plaintiff's proof did not

establish that her fall was proximately caused by inadequate lighting on defendant's premises, has failed to preserve its challenge to the sufficiency of the evidence (see, Miller v Miller, 68 NY2d 871), and we decline to review the claim in the interest of justice. In any event, were we to review the claim, we would find it unavailing in view of plaintiff's trial testimony that the stairwell on which she fell was dark and that she slipped on a step that she could not see clearly. Additional evidence that the step was wet from foreign substances, together with the trial court's finding that defendant did not have notice of such wet condition, did not preclude the jury from finding that inadequate lighting was a proximate cause of plaintiff's harm, inasmuch as two conditions can combine to cause an accident (see, Nunez v Recreation Rooms & Settlement, 229 AD2d 359).

We also find no merit to defendant's claim that it was prejudiced when the trial court charged Multiple Dwelling Law § 37. Although plaintiff failed to plead the statute specifically in her bill of particulars, her bill of particulars did allege, inter alia, that inadequate lighting constituted a proximate cause of her injuries, and a violation of the Administrative Code of the City of New York. The pertinent Administrative Code section (§ 27-2039 [b], [e]) places the burden upon the property owner to establish its lack of knowledge that common-area lighting was not functioning, and in this relevant respect does not differ from the statute charged (Multiple Dwelling Law § 37). Moreover, the charge as to Multiple Dwelling Law § 37 resulted in no new factual allegations or theories of liability (see, Orros v Yick Ming Yip Realty, 258 AD2d 387).

We agree with defendant, however, that the jury's award of $400,000 for future pain and suffering for, inter alia, plaintiff's posttraumatic arthritis in the thoracic area, materially deviated from what is reasonable compensation under the circumstances. In this regard, we note that plaintiff was never hospitalized for her accident, failed to produce any records of her alleged chiropractic care, and has been able to substantially maintain her basic daily activities since the day she was injured.

We have considered defendant's remaining arguments and find them to be unavailing. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.