■ CARL WRIGHT, Respondent, v RIVERBAY CORPORATION, Appellant. [917 NYS2d 864]—

Contrary to defendant's objection to the jury charge and the other rulings of the court that placed the burden on defendant to show that it did not have notice of the absence of lights in the stairwell, plaintiff's evidence that a lack of illumination in violation of Multiple Dwelling Law § 37 was a proximate cause of his accident shifted the burden to defendant on the issue of notice (*see Santiago v New York City Hous. Auth.*, 268 AD2d 203 [2000]).

Defendant's request for a jury charge on comparative negligence should have been granted given the issue of whether plaintiff should have entered and descended an unlit stairwell under the facts of this case.

Defendant's remaining arguments concerning various evidentiary rulings and the jury charge on the Multiple Dwelling Law are unpreserved for appellate review. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.