(November 3, 2011)

■ In the Matter of STATE OF NEW YORK, Respondent, v HAROLD NELSON, Appellant. [932 NYS2d 42]—

Respondent was convicted in 1995 of kidnapping in the second degree and promoting prostitution in the second degree, based on conduct that included abducting his victim, restraining her for more than 12 hours, repeatedly raping her and engaging in deviate sexual intercourse and forcing her to engage in prostitution. Petitioner filed a sex offender civil management petition pursuant to the Sex Offender Management and Treatment Act (SOMTA or article 10), alleging inter alia that respondent was a sex offender requiring civil management, that the acts underlying his conviction were "sexually motivated" within the meaning of Mental Hygiene Law § 10.03 (s), and that he therefore had been convicted of a "sex offense" within the meaning of Mental Hygiene Law § 10.03 (p). Respondent moved to dismiss the petition, claiming that the statute violated various constitutional protections.

We reject respondent's claim that the statutory provisions retroactively transformed his non-sex felony convictions into "sexually motivated felonies" in violation of the Ex Post Facto Clause. To determine whether the prohibition against retroactive punishment forbidden by the Ex Post Facto Clause applies, a court must first determine whether the legislature meant the statute to enact a regulatory scheme that is civil and nonpunitive (*Smith v Doe*, 538 US 84, 92 [2003]; *see Kansas v Hendricks*, 521 US 346, 361 [1997]). If so, the court must examine whether the statute is "so punitive either in purpose or effect as to negate [the legislature's] intention to deem it civil" (*Smith v Doe*, 538 US at 92 [citations and internal quotation marks omitted]). "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty" (*id.*).

We conclude that the proceedings under SOMTA are nonpunitive civil proceedings to which the Ex Post Facto Clause is inapplicable. The determination of whether a designated felony was sexually motivated is simply a screening device to determine which offenders convicted of designated felonies prior to the enactment of article 10 are eligible for civil management. The Legislature sought to provide past offenders with the treatment they needed and also to protect the public; although these provisions require a finding of sexual motivation, it does not automatically follow that the Legislature was masking punitive provisions behind the veneer of a civil statute (*see Doe v Pataki*, 120 F3d 1263, 1277-1278 [2d Cir 1997], *cert denied* 522 US 1122 [1998]).

Nor was the retroactive "sexually motivated" designation punitive in effect. While a person found to be a sex offender in need of civil management will be subject to an affirmative disability or restraint, civil commitment for the purposes of mental health treatment has historically not been considered punishment, and similar civil management laws have been found not to implicate either of the traditional aims of punishment— retribution and deterrence (*see Hendricks*, 521 US at 361-362; *Kennedy v Mendoza-Martinez*, 372 US 144, 168 [1963]).

We further find respondent's challenge on due process grounds to be without merit. SOMTA provides that its civil management provisions may apply to offenders convicted of designated felonies where the State proves by "clear and convincing evidence" that the conduct underlying the conviction was sexually motivated (Mental Hygiene Law § 10.07 [c], [d]). The "clear and convincing" standard set forth in Mental Hygiene Law § 10.07 [d] is in accordance with *Addington v Texas* (441 US 418 [1979]). Since article 10 is a civil management scheme and does not impose criminal detention or other punitive consequences, due process does not require a higher standard of proof (*see Mathews v Eldridge*, 424 US 319, 334-335 [1976]; *Matter of State of New York v Farnsworth*, 75 AD3d 14, 29 [2010], *appeal dismissed* 15 NY3d 848 [2010]).

Finally, we conclude that the application of a clear and convincing standard to designated felony offenders convicted prior to SOMTA's effective date does not violate equal protection guarantees. Article 10 was enacted to provide treatment for those with mental abnormalities which predispose them to engaging in repeated sex offenses and to protect the public from the danger of sexual predators, compelling governmental objectives (*see Farnsworth*, 75 AD3d at 31; *People v Taylor*, 42 AD3d 13, 16 [2007], *lv dismissed* 9 NY3d 887 [2007]; *Mental Hygiene*

*Legal Serv. v Spitzer*, 2007 WL 4115936, \*20, 2007 US Dist LEXIS 85163, \*70 [SD NY 2007], *affd* 2009 WL 579445, 2009 US App LEXIS 4942 [2d Cir 2009]). Designated felony sex offenders under article 10 fall into two categories—those who have committed past crimes and those committing crimes after the statute's effective date. The Legislature handled prospective felony sex offenders by creating a new crime, which could not be applied retroactively to past offenders under the Ex Post Facto Clause. Thus, in a distinction that was narrowly tailored to serve the State's compelling interest, the Legislature provided for designation of past offenders under a "clear and convincing" standard, which would permit the State to detain and treat dangerous past sex offenders.

We recognize that a federal district court sitting in New York has found Mental Health Law § 10.07 (c) and (d) to be facially unconstitutional, insofar as the statute purports to apply the term "sex offender" and its attendant consequences based only on a finding by clear and convincing evidence, and has permanently enjoined the defendant in that case from enforcing those provisions (*see Mental Hygiene Legal Serv. v Cuomo*, 785 F Supp 2d 205 [SD NY 2011]), raising questions of mootness and subject matter jurisdiction.

We agree with the view expressed by our sister court in *Matter of State of New York v Daniel OO.* (88 AD3d 212, 216 [3rd Dept 2011]), that the instant proceeding is not rendered moot due to the pendency of the federal action. The current injunction does not prohibit civil management of sex offenders, but rather mandates use of a reasonable doubt standard in determining whether a respondent has committed conduct constituting a sex offense. If the injunction is vacated on appeal, the statute would go back into full force and effect. As the Third Department noted in *State v Daniel OO.*, in "passing on federal constitutional questions, the state courts and the lower federal courts have the same responsibility and occupy the same [position]; there is parallelism but not paramountcy for both sets of courts are governed by the same reviewing authority of the Supreme Court" (*id.* at 218 [internal quotation marks and citations omitted]). While mindful of the guidance offered by the federal district court in *Mental Hygiene Legal Serv. v Cuomo*, we are compelled to disagree with the reasoning of the case, for the reasons expressed herein. Concur—Gonzalez, P.J., Sweeny, Moskowitz, Acosta and Manzanet-Daniels, JJ. **[Prior Case History: 30 Misc 3d 715.]**