Amended judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered February 7, 2011, upon a jury verdict in favor of D.B. Zwirn Special Opportunities Fund, L.E and Brin Management LLC against Brin Investment Corp., unanimously affirmed, with costs. Appeal from judgment, same court and Justice, entered February 7, 2011, unanimously dismissed, without costs, as moot.
The trial court correctly instructed the jury on the alternative legal theories, ratification and novation, by which Brin Investment, a nonsignatory to the agreement, could be bound by the agreement. To the extent Brin Investment argues that the evidence was insufficient to support a finding of novation, its claim is unpreserved since it did not move for a directed verdict at the close of the evidence (see Santiago v New York City Hous. Auth., 268 AD2d 203 [2000]). In any event, the jury could rationally have concluded that Brin Management’s obligations under the agreement were extinguished and that Brin Investment was substituted as the manager under the agreement (see Wasserstrom v Interstate Litho Corp., 114 AD2d 952, 954 [1985]).
The court properly excluded from evidence a spreadsheet prepared for settlement discussions (see CELR 4547). It properly admitted into evidence as a business record an annotated e-mail exchange made during negotiations of the agreement (see CELR 4518 [a]), and admitted as an admission of fact Brin Investment’s letter claiming indemnity rights under the agreement at issue (see e.g. Central Petroleum Corp. v Kyriakoudes, 121 AD2d 165 [1986], lv dismissed 68 NY2d 807 [1986]). Concur— Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ.