■ In the Matter of STATE OF NEW YORK, Respondent, v CARMELO M., Appellant. [971 NYS2d 896]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Carmelo M., a sex offender allegedly requiring civil management, Carmelo M. appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated April 4, 2012, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the Supreme Court properly allowed the petitioner's expert to testify regarding the appellant's admission, as reported in a social worker's notes contained in his Department of Correctional Services records, that he had committed additional sexual offenses against children with which he had not been charged, since the purpose of the testimony was to explain the basis for the expert's opinion (see Mental Hygiene Law § 10.08 [b]; Matter of State of New York v Anonymous, 82 AD3d 1250, 1251 [2011]; Matter of State of New York v Wilkes, 77 AD3d 1451, 1453 [2010]). Further, the admission of the social worker's notes did not violate the social worker-patient privilege set forth under CPLR 4508, as Mental Hygiene Law § 10.08 (c) requires the disclosure of communications that would ordinarily be privileged under CPLR 4508 (see Mental Hygiene Law § 10.08 [c]; Matter of State of New York v Floyd Y., 102 AD3d 80, 88 [2012]).

The Assistant Attorney General's summation remarks, to the extent they were improper, were not so flagrant or pervasive as to have the effect of depriving the appellant of a fair trial (see Matter of State of New York v Anonymous, 82 AD3d at 1251; Short v Daloia, 70 AD3d 1384, 1385 [2010]; Wilson v City of New York, 65 AD3d 906, 909 [2009]; Ritz v Lee, 273 AD2d 291, 291 [2000]).

Further, the Supreme Court properly found, after the dispositional hearing, by clear and convincing evidence, that the appellant's level of dangerousness requires that he be confined rather than being subject to strict and intense supervision (see Mental Hygiene Law § 10.07 [f]; Matter of State of New York v Clarence D., 82 AD3d 776, 777-778 [2011]; Matter of State of New York v Anonymous, 82 AD3d at 1252). Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.