In the Matter of STATE OF NEW YORK, Respondent, v GEN C., Appellant. [9 NYS3d 48]—

Order, Supreme Court, Bronx County (Seth L. Marvin, J.), entered January 24, 2014, which, upon a jury verdict that respondent suffers from a mental abnormality, determined, after a dispositional hearing, that he is a dangerous sex offender requiring confinement in a secure treatment facility, unanimously reversed, on the law, without costs, and the petition dismissed.

The verdict that respondent suffers from a mental abnormality is based on legally insufficient evidence.

The State seeks civil commitment of respondent under Mental Hygiene Law article 10 based on a mental abnormality diagnosis of antisocial personality disorder (ASPD) and hypersexuality/sexual preoccupation. A mental abnormality within the meaning of Mental Hygiene Law article 10 is a "condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]). A diagnosis of ASPD, together with testimony concerning a respondent's sex crimes but without evidence of an independent mental abnormality diagnosis, is insufficient to establish a mental abnormality within the meaning of article 10 (see Matter of State of New York v Donald DD., 24 NY3d 174, 190-191 [2014]). Thus, the issue is whether the State showed that hypersexuality/sexual preoccupation is an independent mental abnormality within the meaning of article 10.

We find that no rational factfinder could conclude based on the trial evidence that hypersexuality/sexual preoccupation is an independent mental abnormality within the meaning of article 10. The evidence shows, at most, that hypersexuality/sexual preoccupation is a recognized mental condition; the State presented no evidence that hypersexuality/sexual preoccupation is a condition that predisposes one to commit a sex offense and results in serious difficulty in controlling the sexually offending conduct.

Nor did the State present evidence legally sufficient to support the conclusion that respondent's mental condition resulted in his having serious difficulty in controlling conduct constituting a sex offense (see Matter of State of New York v Frank P.,

126 AD3d 150 [1st Dept 2015]). Concur—Gonzalez, P.J., Mazzarelli, DeGrasse and Kapnick, JJ.