*79 McCarthy, J.
(dissenting). While we agree that the motion to vacate was properly considered, we disagree with the majority’s conclusion that Supreme Court abused its discretion by granting the motion. The record provides insufficient evidence to establish that respondent suffered a mental abnormality within the meaning of Mental Hygiene Law article 10. Specifically, neither expert witness diagnosed respondent with an “independent mental abnormality diagnosis,” because none of the conditions, diseases or disorders that were attributed to respondent bear a “necessary relationship to a difficulty in controlling one’s sexual behavior” (Matter of State of New York v Donald DD., 24 NY3d 174, 191 [2014]). For that reason, we respectfully dissent.
Pursuant to Mental Hygiene Law § 10.03 (i), a mental abnormality is “a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct.” In Matter of State of New York v Donald DD. (supra), the Court of Appeals further clarified that a diagnosis that “proves no sexual abnormality . . . cannot be the sole diagnosis that grounds [a finding of mental abnormality as defined by Mental Hygiene Law article 10]” (id. at 190). Specifically referring to the diagnosis at issue in that case, antisocial personality disorder (hereinafter ASPD), the Court determined that “ASPD is not a sexual disorder”; although ASPD is not an unreliable diagnosis, the Court identified the “problem” with the diagnosis as being that it “establishes only a general tendency toward criminality, and has no necessary relationship to a difficulty in controlling one’s sexual behavior” (id. at 190, 191 [internal quotation marks omitted]). Given ASPD’s deficiency in this regard, and upon the Court’s further consideration of the fact that there was no other “independent mental abnormality diagnosis,” it concluded that the record was insufficient to support a finding that Donald DD. suffered from the requisite mental abnormality (id. at 191).
Turning to our record, Trica Peterson, a psychologist, testified on behalf of petitioner. She cumulatively diagnosed respondent with ASPD, borderline personality disorder (hereinafter *80 BPD), psychopathy,[1] cannabis abuse and alcohol abuse.[2] Peterson specifically identified ASPD, BPD and psychopathy as personality disorders. Peterson also agreed that she did not diagnose defendant with a sexual disorder. Relatedly, Peterson did not testify that any of the three diagnoses had any sexual component.
As an initial matter, we agree with the majority that Peterson and respondent’s expert were in consensus in regard to respondent’s diagnoses of ASPD and BPD to the extent that they testified that neither of those diagnoses identified respondent as someone necessarily predisposed to commit sex offenses. Further, Peterson — “whose usual role is to testify that a respondent suffers from a mental abnormality for [Mental Hygiene Law] article 10 purposes” — never identified ASPD, BPD or psychopathy[3] as having a “necessary relationship to a difficulty in controlling one’s sexual behavior” (Matter of State of New York v Donald DD., 24 NY3d at 190-191).[4] Finally, and unsurprisingly, Peterson did not identify cannabis abuse or alcohol abuse as a condition necessarily affecting a person’s ability to control his or her sexual behavior. In the absence of any evidence that respondent had a condition, disease or disorder that had a “necessary relationship to a difficulty in control *81 ling one’s sexual behavior,” there is no “independent mental abnormality diagnosis ... to ground a finding of mental abnormality within the meaning of Mental Hygiene Law article 10,” and Supreme Court correctly vacated its previous orders (Matter of State of New York v Donald DD., 24 NY3d at 191; see Matter of State of New York v Maurice G., 47 Misc. 3d 692, 700-701 [Sup Ct, NY County 2015]; see generally Matter of State of New York v Gen C., 128 AD3d 467, 467 [2015]; but see Matter of State of New York v Glenn T., 48 Misc. 3d 521, 527-531 [Sup Ct, Oneida County 2015]).
Further, the impulsivity and behavioral control problems that the majority identify are also hallmarks of ASPD,[5] as evidenced by the expert opinion regarding Donald DD. that ASPD predisposed him to “act[ ] upon the urges that he has . . . and neglect [ ] the laws that govern” (Matter of State of New York v Donald DD., 24 NY3d at 183 [internal quotation marks omitted]). In addition, the same expert not only connected such impulsivity to a general predisposition to commit crime, but also specifically identified such impulsivity as affecting Donald DD.’s sexual behavior (id.). That expert also specifically opined that, in fact, “Donald DD.’s ASPD predisposed him to commit conduct constituting a sex offense” (id.). Given the Court of Appeals’ conclusion in Matter of State of New York v Donald DD. (supra) that the record was deficient as a matter of law to support such a finding, we are unpersuaded by the majority’s contentions on this issue. Under the standard of Matter of State of New York v Donald DD. (supra) that constrains us, respondent’s civil confinement is not justified.
Peters, P.J., and Egan Jr., J., concur with Devine, J.; McCarthy, J., dissents in a separate opinion in which Lynch, J., concurs.
Ordered that the order is reversed, on the law, without costs, and motion denied.

. As Peterson acknowledged, psychopathy is not a diagnosis recognized by the current edition of the Diagnostic and Statistical Manual of Mental Disorders.

. The majority contends that Peterson testified that she withdrew a paraphilia not otherwise specified diagnosis because she believed that “it was ‘subsumed’ ” within the diagnosis of ASPD. Although Peterson was not perfectly precise with her use of the pronoun “it,” a contextual reading of the record establishes that Peterson testified that respondent’s behaviors were subsumed by ASPD, and this reading particularly makes sense given her conclusion that “[t]here [was] not sufficient evidence to . . . have a stand alone [p]araphilia [diagnosis].” Even if this were not clear based on context, ASPD is simply not a diagnosis that contains the diagnosis of paraphilia. The “essential features” of paraphilia include particular “sexually arousing fantasies [and] sexual urges,” which are not features of ASPD (Matter of State of New York v Donald DD., 24 NY3d at 179 n 1).

. Peterson described psychopathy as “an extreme form of [ASPD]” (see generally Matter of State of New York v Donald DD., 24 NY3d at 183 n 3). If psychopathy is, as Peterson testified, only different in degree — but not in kind — from ASPD, it follows that psychopathy would also lack the requisite necessary relationship with control over one’s sexual behavior.

. Both experts testified at length regarding significant similarities between ASPD and BPD. Notably, in explaining her conclusion that respondent had a mental abnormality, Peterson initially identified each ASPD, BPD and psychopathy but went on to refer to “personality disorders” generally at the point in her testimony where she described her “reasoning].”

. More particularly in terms of the constitutional principles that limit civil confinement, behavioral control and impulse deficits do not distinguish a respondent “from the dangerous but typical recidivist convicted in an ordinary criminal case” (Kansas v Crane, 534 US 407, 413 [2002]). Further, it is not a remarkable or a distinguishing fact that such deficits would affect a person’s sexual behavior along with other behavior; it would only be remarkable if someone’s general problems with impulse and behavioral control did not affect his or her sexual behavior.