■ In the Matter of STATE OF NEW YORK, Respondent, v DAVID S., Appellant. [24 NYS3d 284]—

Order, Supreme Court, Bronx County (Dineen Ann Rivièzzo, J.), entered December 17, 2013, which, in this proceeding brought pursuant to article 10 of the Mental Hygiene Law (MHL), upon a jury finding that respondent is a detained sex offender who suffers from a mental abnormality, determined, following a dispositional hearing, that respondent is a dangerous sex offender requiring confinement in a secure treatment facility, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

Respondent, a recidivist sex offender with two convictions for violent sexual felonies, was adjudicated as a sex offender requiring civil management under article 10 of the Mental

Hygiene Law based on the diagnosis of the State's experts that he suffers from antisocial personality disorder (ASPD) in combination with sexual preoccupation and sexual deviance (*cf. Matter of State of New York v Donald DD.*, 24 NY3d 174 [2014] [a diagnosis of ASPD alone did not support a civil management adjudication]). Such an adjudication requires proof by clear and convincing evidence that respondent suffers from a "mental abnormality," defined as a "condition, disease or disorder . . . that predisposes him . . . to the commission of conduct constituting a sex offense and that results in [his] having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]).

On appeal, respondent argues that we should reverse the adjudication and dismiss the petition because the evidence presented at trial was insufficient to support the jury's finding that he suffers from a mental abnormality within the meaning of the statute. He further argues, in the alternative, that, even if the evidence was sufficient, he is entitled to a new trial because Supreme Court erred in allowing the State's experts to testify about two of his sexual offense arrests that did not result in convictions. While the first argument is unavailing, the second one has merit.

With regard to the sufficiency of the evidence, respondent maintains that the State presented no evidence that sexual preoccupation is a mental disorder founded upon scientifically valid criteria and generally accepted in the psychiatric community. This claim is not preserved, because respondent neither requested a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]) nor sought to exclude the expert's testimony that respondent suffered from this disorder (*see Donald DD.*, 24 NY3d at 187 [declining to reach issue of whether diagnosis of paraphilia NOS has received general acceptance in the psychiatric community, because no *Frye* hearing was requested or held]; *Maiorani v Adesa Corp.*, 83 AD3d 669, 673 [2d Dept 2011] [the plaintiff failed to preserve for appellate review claim regarding certain testing methodology by not requesting a *Frye* hearing]; *People v Hinspeter*, 12 AD3d 617 [2d Dept 2004] [claim that the People failed to establish that child sexual abuse accommodation syndrome is generally accepted in the psychiatric community is unpreserved for appellate review, because the defendant did not request a *Frye* hearing], *lv denied* 4 NY3d 764 [2005]; *People v Gallup*, 302 AD2d 681, 684 [3d Dept 2003] [the defendant's claim that the People failed to establish a proper scientific foundation for field sobriety test is unpreserved, because he did not request a *Frye*

hearing or object to the testimony about the test], *lv denied* 100 NY2d 594 [2003]).

Respondent failed to preserve his remaining claims that the trial evidence was legally insufficient to support the jury's verdict. In order to challenge the sufficiency of the evidence on appeal, a party must first have moved for a directed verdict under CPLR 4401 (*D.B. Zwirn Special Opportunities Fund, L.P. v Brin Inv. Corp.*, 96 AD3d 447 [1st Dept 2012]; *Phillipps v New York City Tr. Auth.*, 83 AD3d 473 [1st Dept 2011]; *Santiago v New York City Hous. Auth.*, 268 AD2d 203 [1st Dept 2000]; *see also Miller v Miller*, 68 NY2d 871 [1986]). Here, respondent never moved before the trial court for a directed verdict or otherwise challenged the legal sufficiency of the evidence. Thus, his claims are unpreserved for appellate review, and we decline to reach them.

Although respondent's challenge to the sufficiency of the State's evidence is unpreserved, the order under review must be reversed because the court erred in allowing the State's experts, in explaining the basis for their opinions, to testify regarding two sets of sex offense charges against respondent that did not result in convictions (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95 [2013]). In *Floyd Y.*, the Court held that hearsay basis evidence satisfies due process only if it is demonstrated to be reliable and its probative value outweighs its prejudicial effect (*id.* at 109). Here, one set of charges resulted in an acquittal, and so was categorically precluded from providing the basis for reliability (*id.* at 110). The second group of charges, which resulted in dismissal, also failed to meet the reliability threshold, because they were unaccompanied by indicia that respondent committed the charged acts notwithstanding the lack of a conviction (*see id.*). Accordingly, a new trial is required. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.