■ In the Matter of STATE OF NEW YORK, Respondent, v PATRICK L., Appellant. [35 NYS3d 695]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Patrick L., a sex offender allegedly requiring civil management, Patrick L. appeals from an order of the Supreme Court, Richmond County (Collini, J.), dated June 3, 2014, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Of-

fender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant. Following a jury trial, the jury found that the appellant suffers from a "mental abnormality" as defined in SOMTA (*see* Mental Hygiene Law § 10.07 [d]; *see also* Mental Hygiene Law § 10.03 [i]). Following a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law § 10.07 [f]), in effect, granted the petition, and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.

The appellant's contention that the evidence was legally insufficient to establish that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i) on the ground that the diagnosis offered by the State's experts was not generally accepted in the relevant scientific community, is unpreserved for appellate review because the appellant did not object to the testimony or request a hearing pursuant to *Frye v United States* (293 F 1013 [DC Cir 1923]; *see Matter of State of New York v David S.*, 136 AD3d 445, 446-447 [2016]). Moreover, to the extent the appellant raises additional legal sufficiency arguments, those arguments are also unpreserved for appellate review (*see* CPLR 4401; *Matter of State of New York v David S.*, 136 AD3d at 447). In any event, the evidence was legally sufficient (*see Matter of State of New York v Shannon S.*, 20 NY3d 99, 107-108 [2012]; *Matter of State of New York v Floyd Y.*, 135 AD3d 70 [2015], *lv granted* 27 NY3d 902 [2016]; *Matter of State of New York v David M.*, 120 AD3d 1423, 1424 [2014]). Whether the subject diagnosis constituted a reliable predicate for a finding of mental abnormality presented a factual issue for the jury to resolve, and we discern no basis to disturb its findings (*see Matter of State of New York v Donald DD.*, 24 NY3d 174, 187 [2014]; *Matter of State of New York v Luis S.*, 135 AD3d 945, 946 [2016]; *cf. Matter of State of New York v Richard S.*, 133 AD3d 672, 673 [2015]). Moreover, the verdict was based on a fair interpretation of the evidence (*see Matter of State of New York v Robert M.*, 133 AD3d 670, 671 [2015]; *Matter of State of New York v Timothy JJ.*, 70 AD3d 1138, 1142 [2010]).

Clear and convincing evidence supports the Supreme Court's determination after the dispositional hearing that the appellant is a dangerous sex offender requiring civil confinement in a secure treatment facility (*see Matter of State of New York v Robert M.*, 133 AD3d at 672; *Matter of State of New York v Carl S.*, 125 AD3d 670, 672 [2015]; *Matter of Sincere KK. v State of*

*New York*, 111 AD3d 1083 [2013]; *Matter of State of New York v Carmelo M.*, 110 AD3d 818, 819-820 [2013]; *Matter of State of New York v Timothy JJ.*, 70 AD3d at 1144-1145).

The appellant's contention regarding the Assistant Attorney General's summation comment is unpreserved for appellate review and, in any event, the comment did not constitute reversible error. The appellant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.