■ In the Matter of CHRISTOPHER PP., Appellant, v STATE OF NEW YORK, Respondent. [58 NYS3d 180]—

Lynch, J. Appeal from an order of the Supreme Court (Ellis, J.), entered September 17, 2015 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, for his discharge from confinement at a secure treatment facility.

Petitioner has a history of sexually inappropriate behavior,

beginning as early as 2001 when he was 13 years old. In 2009, petitioner was convicted of sexual abuse in the first degree following an incident involving a five-year-old girl. He was sentenced to a prison term of four years, followed by 10 years of postrelease supervision. In August 2013, respondent commenced a Mental Hygiene Law article 10 proceeding seeking an order finding petitioner to be a dangerous sex offender in need of civil commitment. Petitioner was then diagnosed by two psychologists with antisocial personality disorder (hereinafter ASPD), and they also noted a history of sexual preoccupation. Subsequently, petitioner waived his right to a jury trial, stipulated to a finding that he has a mental abnormality on the basis of his ASPD diagnosis, was determined to be a dangerous sex offender and has been civilly confined in a secure treatment facility since April 2014 (*see* Mental Hygiene Law § 10.01 *et seq.*).

Thereafter, the Court of Appeals held that ASPD is a diagnosis with "so little relevance to the controlling legal criteria of Mental Hygiene Law § 10.03 (i) that it cannot be relied upon to show mental abnormality for [Mental Hygiene Law] article 10 purposes" (*Matter of State of New York v Donald DD.*, 24 NY3d 174, 190 [2014]). As a result of this decision, petitioner moved, pursuant to CPLR 5015 (a), for an order vacating Supreme Court's April 2014 order and dismissing the proceeding; the court converted the motion for vacatur to a petition for discharge (*see* Mental Hygiene Law § 10.09 [f]). The court bifurcated the proceeding and, following an evidentiary hearing in May 2015 solely as to the issue of whether petitioner suffers from a mental abnormality (*see* Mental Hygiene Law § 10.09 [d]), the court determined that petitioner does suffer from a mental abnormality (*see* Mental Hygiene Law § 10.03 [i]). In September 2015, petitioner filed an affidavit waiving his right to a dispositional hearing and consenting to an order determining that he is a dangerous sex offender requiring confinement, while retaining his right to appeal from the finding that he suffers from a mental abnormality. The court, upon petitioner's consent, entered an order finding that petitioner was a "dangerous sex offender requiring confinement" and, thus, continued his confinement (*see* Mental Hygiene Law § 10.09 [h]). Petitioner now appeals.

Petitioner contends that respondent failed to establish that he suffers from a mental abnormality predisposing him to commit sex offenses, specifically arguing that, because there was not clear and convincing evidence that sexual preoccupation is a "condition, disease or disorder" within the meaning of Mental

Hygiene Law § 10.03 (i), the resulting finding of a mental abnormality is improperly based solely upon his ASPD diagnosis.* We disagree. In order to demonstrate that petitioner is a dangerous sex offender requiring civil confinement, respondent must prove by clear and convincing evidence that petitioner "has a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control his behavior, that he is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (*Matter of State of New York v Richard TT.*, 132 AD3d 72, 75 [2015] [internal quotation marks, brackets and citations omitted], *affd* 27 NY3d 718 [2016]; *see* Mental Hygiene Law § 10.07 [f]). A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]; *see Matter of Rene I. v State of New York*, 146 AD3d 1056, 1057 [2017]). In *Matter of State of New York v Donald DD.* (*supra*), the Court of Appeals clarified that "[a] diagnosis of ASPD alone—that is, when the ASPD diagnosis is not accompanied by a diagnosis of any other condition, disease or disorder alleged to constitute a mental abnormality—simply does not distinguish the sex offender whose mental abnormality subjects him to civil commitment from the typical recidivist convicted in an ordinary criminal case" (*id.* at 190). However, in 2016, the Court of Appeals upheld a finding that an individual suffered from a mental abnormality based upon, in relevant part, a diagnosis of ASPD, coupled with borderline personality disorder and psychopathic conditions, when an expert testified as to how those disorders acted together to predispose that individual to commit sex offenses (*see Matter of State of New York v Dennis K.*, 27 NY3d 718, 749-752 [2016], *cert denied* 580 US —, 137 S Ct 579 [2016]).

Here, respondent offered the testimony and reports of psychologists Alison Prince and Jacob Hadden, who relied on prior records in their evaluations because petitioner declined to be interviewed by them. In determining that petitioner met

---

* Petitioner did not request a *Frye* hearing to determine whether the diagnosis of sexual preoccupation is sufficiently established to have gained general acceptance in the psychiatric community, resulting in respondent's evidence concerning sexual preoccupation coming into evidence without objection.

the criteria for having a mental abnormality as defined by Mental Hygiene Law article 10, Prince and Hadden both diagnosed petitioner with ASPD and sexual preoccupation, opining that the combination of the two predisposed petitioner to commit sex offenses. Prince characterized sexual preoccupation as a "condition," noting that it was not included in the American Psychological Association's Diagnostic and Statistical Manual of Mental Disorders because it was "very difficult" to operationally define what would constitute such behavior. Hadden referred to sexual preoccupation as a "behavioral condition," a "behavioral pattern," as well as a "long-term vulnerability," noting that one reason that it was not considered a mental disorder was due to the risk of moral attitudes coming under the guise of science, but explaining that sexual preoccupation factors into a finding of mental abnormality because it is a condition that "impacts the way the [ASPD] is expressed." In contrast, petitioner offered the testimony and report of forensic psychologist Erik Schlosser, who interviewed petitioner and reviewed his records in determining that, while petitioner has ASPD and possibly attention deficit hyperactivity disorder, petitioner does not have a mental abnormality for purposes of Mental Hygiene Law article 10. Schlosser characterized sexual preoccupation as a "cognitive or thought process," but would not diagnose it as a condition, disorder or disease because "there is no diagnosis or criteria" for doing so. While Schlosser testified that petitioner occasionally has problems controlling his sexual behavior, he opined that petitioner's sexual inappropriateness had decreased in frequency and intensity in the year preceding the hearing.

It is uncontested that petitioner has exhibited a troubling range of inappropriate sexual behavior since childhood that has remained persistent into adulthood, including while on parole, during periods of incarceration and throughout his stays at treatment facilities. The fact that sexual preoccupation is not included in the American Psychological Association's Diagnostic and Statistical Manual of Mental Disorders does not foreclose its relevance in finding a mental abnormality under Mental Hygiene Law article 10 (*see Matter of State of New York v Ian I.*, 127 AD3d 766, 767 [2015]). Here, respondent's psychologists characterized sexual preoccupation as a "condition" and opined that petitioner's ASPD diagnosis, when coupled with his sexual preoccupation, predisposes him to commit sex offenses. Viewing this testimony in a light most favorable to respondent, we find this evidence was legally sufficient to support the determination that petitioner suffered from a mental abnormality within the meaning of Mental Hygiene

Law article 10 (*see Matter of State of New York v Dennis K.*, 27 NY3d at 726, 751-752; *Matter of State of New York v Williams*, 139 AD3d 1375, 1377 [2016], *lv denied* 28 NY3d 910 [2016]; *compare Matter of State of New York v Kenneth W.*, 131 AD3d 872, 873 [2015]; *Matter of State of New York v Gen C.*, 128 AD3d 467, 467 [2015]).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.