Matter of State of New York v Robert G. (2020 NY Slip Op 00009)





Matter of State of New York v Robert G.


2020 NY Slip Op 00009


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526762

[*1]In the Matter of State of New York, Respondent,
v
Robert G., Appellant.

Calendar Date: November 13, 2019

Before: Mulvey, J.P., Devine, Aarons and Pritzker, JJ.


Sheila Shea, Mental Hygiene Legal Service, Albany (Brent R. Stack of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Tait, J.), entered September 12, 2017 in Broome County, which, among other things, granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 10, to find respondent to be a dangerous sex offender and confined him to a secure treatment facility.
In October 1997, respondent pleaded guilty to rape in the first degree and was sentenced to a prison term of 15 years. In February 2011, as respondent was approaching his conditional release date, petitioner commenced this Mental Hygiene Law article 10 proceeding seeking an order finding respondent to be a dangerous sex offender requiring civil confinement in a secure treatment facility. Supreme Court found that there was probable cause to believe that respondent is a sex offender requiring civil management within the meaning of Mental Hygiene Law article 10. Respondent thereafter moved to dismiss the petition, alleging that he does not suffer from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). In the alternative, respondent moved to preclude the testimony of Christopher Kunkle, a psychiatrist employed by the Office of Mental Health (hereinafter OMH), on the ground that the "pre-petition interview of respondent absent the assistance of counsel violated respondent's due process rights." Supreme Court denied the motion in its entirety. The matter proceeded to trial, during which Bud Ballinger, a forensic and clinical psychologist, testified that respondent meets the diagnostic criteria for paraphilia not otherwise specified (hereinafter PNOS) and antisocial personality disorder (hereinafter ASPD).[FN1] At the conclusion of the trial, the jury found that respondent suffers from a mental abnormality (see Mental Hygiene Law § 10.03 [i]). Subsequently, respondent moved to set aside the jury verdict and dismiss the proceeding based on, among other things, the lack of legally sufficient evidence (see CPLR 4404 [a]). In his motion, respondent also raised, for the first time, that the diagnosis of PNOS was not generally accepted in the relevant scientific community. Supreme Court denied the motion.
In September 2015, upon petitioner's request, Supreme Court ordered respondent to submit to an evaluation by a psychiatric examiner for the purposes of having his current psychiatric condition evaluated prior to the dispositional hearing (see Mental Hygiene Law § 10.06 [d]). The psychiatric evaluator, Ronald Field, diagnosed respondent with other specified paraphilic disorder (hereinafter OSPD) (nonconsent),[FN2] ASPD and psychopathy. Prior to the dispositional hearing, respondent moved to, among other things, preclude Field from testifying at the hearing, alleging that the OSPD (nonconsent) diagnosis warranted preclusion because it is not generally accepted by the relevant psychological community. The court did not rule on the motion prior to the hearing and, at the dispositional hearing, respondent requested a Frye hearing on the issue of OSPD (nonconsent). Ultimately, the court granted respondent leave to supplement his motion to preclude to address his request for a Frye hearing.
Respondent thereafter moved to renew his motion to set aside the jury verdict based on legally insufficient evidence or, in the alternative, to preclude Field's expert testimony in the pending dispositional hearing regarding the diagnosis of OSPD (nonconsent) or, in the further alternative, to conduct a Frye hearing to determine whether the diagnosis of OSPD (nonconsent) has gained general acceptance in the relevant scientific community. Supreme Court denied respondent's motion. Respondent then moved pro se to dismiss the proceeding. At the ensuing dispositional hearing, the court heard, among other testimony, the expert testimony from Field, who opined that respondent was a dangerous sex offender requiring civil confinement. The court thereafter denied respondent's pro se motion to dismiss and found that petitioner proved by clear and convincing evidence that respondent is a dangerous sex offender requiring civil confinement. Respondent appeals.
We turn first to respondent's contention that the jury's finding that he suffers from a mental abnormality was not supported by legally sufficient evidence. "A mental abnormality is defined as 'a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct'" (Matter of Christopher PP. v State of New York, 151 AD3d 1334, 1336 [2017] [citations omitted], lv denied 30 NY3d 903 [2017], quoting Mental Hygiene Law § 10.03 [i]; see Matter of State of New York v Jamie KK., 168 AD3d 1231, 1231-1232 [2019]). Where the record demonstrates that "there was a valid line of reasoning by which the jury could conclude that the [respondent] suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i)," the verdict is supported by legally sufficient evidence (Matter of State of New York v Robert M., 133 AD3d 670, 671 [2015], lv denied 26 NY3d 917 [2016]; see Matter of State of New York v David J., 167 AD3d 1251, 1254 [2018], lv denied 32 NY3d 919 [2019]).
Respondent argues that the jury verdict is not based upon legally sufficient evidence because the diagnosis of OSPD (nonconsent) is not generally accepted in the psychiatric and psychological communities and, thus, should not have been considered in this Mental Hygiene Law article 10 proceeding. However, respondent failed to move, prior to trial, to preclude this testimony, failed to request a Frye hearing with respect to the testimony and failed to object to this testimony during the trial. As such, this argument has not been preserved for our review (see Matter of Christopher PP. v State of New York, 151 AD3d at 1336 n; Matter of State of New York v David S., 136 AD3d 445, 446-447 [2016]; compare Matter of Miguel II. v State of New York, 165 AD3d 1513, 1514 [2018], appeal dismissed ___ AD3d ___, 2019 NY Slip Op 08742 [2019]), and it cannot now be resurrected by way of respondent's CPLR 4404 motion. Respondent also challenges whether the trial evidence was legally sufficient to establish that he had serious difficulty in controlling his sexual offending behavior. However, this argument is also unpreserved as he failed to move, at trial, for a directed verdict under CPLR 4401 or otherwise challenge the sufficiency of the evidence on that ground (see Matter of State of New York v Steven M., 159 AD3d 1421, 1422 [2018], lv denied 31 NY3d 913 [2018]; Matter of State of New York v David S., 136 AD3d at 447).
Respondent next challenges Supreme Court's denial of his pretrial motion to dismiss the petition inasmuch as his 1997 plea agreement is a legal and binding contract — one that entitled him to specific performance. Proceedings pursuant to the Sex Offender Management and Treatment Act "are expansive civil proceedings, which are entirely separate from and independent of the original criminal action" (People v Harnett, 72 AD3d 232, 233 [2010], affd 16 NY3d 200 [2011]). Moreover, "[i]t is well settled that trial courts are required to advise defendants who plead guilty regarding the direct consequences of such plea, but they have no obligation to iterate every collateral consequence of the conviction" (id.). As relevant here, "the potential for either civil confinement or supervision pursuant to [the Sex Offender Management and Treatment Act] is a collateral consequence of a guilty plea and, therefore, the current state of the law does not require that defendants be informed of it prior to entering a plea of guilty" (id. at 235). As such, we discern no error in Supreme Court's denial of respondent's request for specific performance. Nor are we persuaded by respondent's assertion that specific performance is appropriate because the Mental Hygiene Law article 10 litigation ensued following the expiration of his sentence, as the article 10 proceeding commenced upon the date that the petition was filed, prior to respondent's release date in February 2011 (see Matter of State of New York v Rashid, 16 NY3d 1, 14 [2010]). Respondent's remaining contention, that Mental Hygiene Law article 10 was applied to him impermissibly because he pleaded guilty prior to the statute's effective date, is also without merit (see Matter of State of New York v Nelson, 89 AD3d 441, 442 [2011]).
Mulvey, J.P., Devine and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Respondent neither requested a Frye hearing prior to the trial nor did he object to the testimony at trial.

Footnote 2: OSPD (nonconsent) is a diagnosis in the Fifth Edition of the American Psychological Association's Diagnostic and Statistical Manual of Mental Disorders. It replaces the PNOS diagnosis.