Matter of Williams v Annucci (2020 NY Slip Op 07635)





Matter of Williams v Annucci


2020 NY Slip Op 07635


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

529062

[*1]In the Matter of Erwin Williams, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Erwin Williams, Marcy, appellant pro se.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Mackey, J.), entered March 29, 2019 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Superintendent of Mohawk Correctional Facility denying petitioner's grievance.
Petitioner was convicted in 1990 of various crimes, including attempted murder in the second degree, rape in the first degree, assault in the first degree and unlawful imprisonment in the first degree, and was sentenced to an aggregate term of imprisonment of 16&frac23; to 50 years. In February 2018, the Director of the Office of Guidance and Counseling for the Department of Corrections and Community Supervision (hereinafter DOCCS) informed petitioner that, although he had successfully completed sex offender counseling in 2004, it had been determined, pursuant to Mental Hygiene Law article 10, that he would benefit from additional treatment. As such, petitioner, who was housed at Mohawk Correctional Facility at that time, was being transferred to the Office of Mental Health's Sex Offender Counseling and Treatment Program (hereinafter SOCTP) at Marcy Correctional Facility. The Director advised petitioner that a refusal to participate in SOCTP may result in, among other things, a reduction in his pay assignment.
After petitioner refused to participate in SOCTP, he was removed from his porter and recreation aide assignments. He thereafter filed a grievance challenging the SOCTP assignment and seeking the return of his job assignments and rate of pay. The grievance was denied by the Inmate Grievance Resolution Committee, and the denial was upheld by the Superintendent of Mohawk Correctional Facility. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the denial of his grievance.[FN1] Supreme Court dismissed the petition, and petitioner appeals.
We affirm. Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act (L 2007, ch 7) (hereinafter SOMTA), established "comprehensive reforms to enhance public safety by allowing the [s]tate to continue managing sex offenders upon the expiration of their criminal sentences, either by civilly confining the most dangerous recidivistic sex offenders, or by permitting strict and intensive parole supervision of offenders who pose a lesser risk of harm" (Governor's Program Bill Mem, Bill Jacket, L 2007, ch 7). Correction Law § 622 was added as part of SOMTA (L 2007, ch 7, § 25), requiring DOCCS to provide a sex offender treatment program to inmates serving sentences for, among other things, felony sex offenses (see Correction Law § 622 [1]). "The statute recognizes that 'the primary purpose of the program shall be to reduce the likelihood of reoffending by assisting such offenders to control their chain of behaviors that lead to sexual offending'" (Matter of Wakefield v Fischer, 108 AD3d 805, 806 [2013], quoting Correction Law § 622 [2] [citation omitted]).
We reject [*2]petitioner's contention that DOCCS should not have referred him to SOCTP because he had already completed a sex offender counseling program. According to the DOCCS Deputy Commissioner for Program Services, prior to the 2007 enactment of Mental Hygiene Law article 10, the DOCCS sex offender counseling program that petitioner had participated in was a psycho-educational program that lasted a maximum of six months and only provided didactic counseling with no consideration of the individual participant's risks and needs. In contrast, according to the Deputy Commissioner, SOCTP is a 6- to 18-month program that is comprehensive in scope and utilizes an integrated approach based upon an individualized treatment plan. In light of the program's primary purpose of protecting the public by reducing the likelihood of reoffense by released sex offenders and recognizing that "[t]he courts traditionally have deferred to the discretion of correction officials on matters relating to the administration of prison facilities and rehabilitation programs" (Matter of Doe v Coughlin, 71 NY2d 48, 59 [1987], cert denied 488 US 879 [1988]), we cannot say that DOCCS's decision to refer petitioner to a more comprehensive program than the one he completed in 2004 was arbitrary and capricious or an abuse of discretion (see Matter of Matos v Goord, 27 AD3d 940, 941 [2006]). Moreover, inasmuch as SOMTA is a remedial statute intended to prevent future crime, rather than a penal statute imposing punishment for a past crime, petitioner's contention that Correction Law § 622 was impermissibly applied to him because he began serving his sentence prior to its enactment is without merit (see Matter of State of New York v Robert G., 179 AD3d 1164, 1167 [2020], lv denied 35 NY3d 908 [2020]; Matter of Williams v Department of Corr. & Community Supervision, 136 AD3d 147, 154-155 [2016], appeal dismissed 29 NY3d 990 [2017]; Matter of State of New York v Nelson, 89 AD3d 441, 442 [2011]).
As for petitioner's challenge to the reduction of his pay grade because he refused to participate in SOCTP, the change in his job assignment and pay grade was not arbitrary and capricious, irrational or affected by an error of law (see Matter of Johnson v Annucci, 139 AD3d 1271, 1272 [2016], appeal dismissed 28 NY3d 946 [2016]). Finally, with respect to petitioner's contention that his institutional records contain inaccurate information regarding his completion of the 2004 sex offender counseling program, "requests for corrections of allegedly erroneous information contained in such records are to be pursued in accordance with the procedures set forth in 7 NYCRR part 5" (Matter of Salahuddin v Goord, 64 AD3d 1091, 1092 [2009]; see 7 NYCRR 5.50, 5.51, 5.52; Matter of Rivera v Selsky, 49 AD3d 1115, 1115 [2008]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although petitioner appealed the Superintendent's determination to the Central Office Review Committee, he commenced this proceeding prior to the Committee rendering a decision (see Matter of Green v Kirkpatrick, 167 AD3d 1138, 1139 [2018], lv denied 32 NY3d 919 [2019]). Respondent, however, "did not raise the failure to exhaust administrative remedies as a defense in its answer or in a motion to dismiss and has not addressed this issue in its brief and, thus, it was waived" (Matter of Galunas v Annucci, 166 AD3d 1182, 1182 n [2018]).