In the Matter of STATE OF NEW YORK, Respondent, v RICHARD S., Appellant. [19 NYS3d 320]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Richard S., a sex offender allegedly requiring civil management, Richard S. appeals from an order of the Supreme Court, Queens County (Holder, J.), entered August 19, 2014, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the matter is remitted to the Supreme Court, Queens County, for the purpose of conducting a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]) to resolve the question of whether the diagnosis of paraphilia NOS, nonconsent, has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court with all convenient speed, and the appeal is held in abeyance in the interim; and it is further,

Ordered that the appellant shall not be released pending the completion of such proceedings (*see* Mental Hygiene Law § 10.06 [k]).

In September 2012, the State of New York commenced this

proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant, a convicted sex offender. Prior to trial, a psychologist evaluated the appellant at the State's request, and issued a report in which he diagnosed the appellant as suffering from paraphilia NOS. The appellant moved for a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]) to determine whether the diagnosis of paraphilia NOS made by the State's expert psychologist had achieved general acceptance in the psychiatric and psychological communities. In support of his position that the diagnosis had not achieved such general acceptance, the appellant submitted scientific literature that included articles from several psychiatric journals. The Supreme Court denied the appellant's motion. After a jury trial, the appellant was found to suffer from a "mental abnormality" as that phrase is defined by Mental Hygiene Law § 10.03 (i). At the conclusion of a dispositional hearing, the Supreme Court determined that the defendant is currently a dangerous sex offender requiring civil confinement.

"[E]xpert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance in its specified field" (*People v Wesley*, 83 NY2d 417, 422 [1994] [internal quotation marks omitted]). Recently, in *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]), the Court of Appeals noted that paraphilia NOS "is a controversial diagnosis," and that it had not yet decided "the question that would be decided at a *Frye* hearing: whether the diagnosis of paraphilia NOS . . . has received general acceptance in the psychiatric community" (*id.* at 186-187). However, the Court of Appeals declined to reach this issue in *Matter of Donald DD.* because no *Frye* hearing had been requested or held (*id.* at 187). Here, however, a *Frye* hearing was requested and the appellant supported his request with scientific literature. Under these circumstances, a *Frye* hearing should be conducted to resolve the question of whether the diagnosis of paraphilia NOS has achieved general acceptance in the psychiatric and psychological communities. Accordingly, we remit the matter to the Supreme Court, Queens County, for the purpose of conducting a *Frye* hearing to resolve the question of whether the diagnosis of paraphilia NOS has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court with all convenient speed, and we hold the appeal in abeyance in the interim.

We address no other issues at this time. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.