■ In the Matter of STATE OF NEW YORK, Respondent, v HILTON C., Appellant. [35 NYS3d 389]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Hilton C., an alleged sex offender requiring civil management, Hilton C. appeals from an order of

the Supreme Court, Nassau County (Corrigan, J.), entered February 26, 2015, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, made after a dispositional hearing, that he is a sex offender requiring strict and intensive supervision and treatment, in effect, granted the petition and directed that he be subject to a regimen of strict and intensive supervision and treatment.

Ordered that the matter is remitted to the Supreme Court, Nassau County, for the purpose of conducting a *Frye* hearing (*Frye v United States*, 293 F 1013 [DC Cir 1923]) to resolve the question of whether the diagnosis of "unspecified paraphilic disorder" has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court with all convenient speed, and the appeal is held in abeyance in the interim.

On July 14, 2005, the appellant was convicted, after a nonjury trial, of attempted kidnapping in the second degree, based upon an October 6, 2000, incident in which he struck a woman's vehicle with his own vehicle and, when she exited her vehicle, put her in a headlock and attempted to push her into his own vehicle. In March 2014, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, also known as the Sex Offender Management and Treatment Act, for the civil management of the appellant.

Prior to trial on the issue of whether the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), two psychologists evaluated the appellant at the State's request, and issued reports in which they diagnosed the appellant as suffering from "unspecified paraphilic disorder." At trial, one of the psychologists explained that the fourth edition of the Diagnostic and Statistical Manual of Mental Disorders contained a diagnosis of "paraphilia not otherwise specified" (hereinafter paraphilia NOS). In the fifth edition, this disorder was divided into two categories: "other specified paraphilic disorder," and "unspecified paraphilic disorder."

The Supreme Court denied the appellant's pretrial motion for a *Frye* hearing (*see Frye v United States*, 293 F 1013 [DC Cir 1923]) to determine whether the diagnosis of "unspecified paraphilic disorder" made by the State's expert psychologists had achieved general acceptance in the psychiatric and psychological communities. At the conclusion of the trial, the jury found that the appellant's attempted kidnapping

offense was "sexually motivated" (Mental Hygiene Law § 10.03 [p], [s]) and that the appellant suffers from a "mental abnormality" (Mental Hygiene Law § 10.03 [i]). After a dispositional hearing, the court determined that the appellant is currently a sex offender requiring strict and intensive supervision and treatment.

"[E]xpert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance in its specified field" (*People v Wesley*, 83 NY2d 417, 422 [1994] [internal quotation marks omitted]; *see Matter of State of New York v Richard S.*, 133 AD3d 672, 673 [2015]). Recently, in *Matter of State of New York v Donald DD.* (24 NY3d 174 [2014]), the Court of Appeals noted that paraphilia NOS "is a controversial diagnosis" (*id.* at 186) and that the Court of Appeals had not yet decided "the question that would be decided at a *Frye* hearing: whether the diagnosis of paraphilia NOS . . . has received general acceptance in the psychiatric community" (*id.* at 187). However, the Court of Appeals declined to reach this issue in *Donald DD.* because no *Frye* hearing had been requested or held (*see id.* at 187). Here, given the fact that "unspecified paraphilic disorder" was the primary diagnosis upon which the State's experts relied to show that the appellant's attempted kidnapping offense was sexually motivated and that he suffered from a mental abnormality, the Supreme Court should have conducted a *Frye* hearing to resolve the question of whether the diagnosis of "unspecified paraphilic disorder" has achieved general acceptance in the psychiatric and psychological communities (*see Matter of State of New York v Richard S.*, 133 AD3d at 673). Accordingly, we remit the matter to the Supreme Court, Nassau County, for the purpose of conducting a *Frye* hearing to resolve the question of whether the diagnosis of "unspecified paraphilic disorder" has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court with all convenient speed. In the interim, we hold the appeal in abeyance.

We address no other issues at this time. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.