Matter of State of New York v Richard S. (2018 NY Slip Op 01072)





Matter of State of New York v Richard S.


2018 NY Slip Op 01072


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX, JJ.


2014-10469
 (Index No. 180/12)

[*1]In the Matter of State of New York, respondent,
v
Richard S. (Anonymous), appellant.


Mental Hygiene Legal Service, Mineola, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta, Mark H. Shawhan, and Judith Vale of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), entered August 19, 2014. The order, upon a finding, made after a jury trial, that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition pursuant to Mental Hygiene Law article 10 and directed that the appellant be committed to a secure treatment facility for care and treatment. By decision and order dated November 12, 2015, this Court remitted the matter to the Supreme Court, Queens County, for the purpose of conducting a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to resolve the question of whether the diagnosis of paraphilia not otherwise specified (nonconsent) has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Richard S., 133 AD3d 672). The Supreme Court, Queens County, has now filed its report.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing.
The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant, a convicted sex offender. Prior to trial, a psychologist evaluated the appellant at the State's request and issued a report in which he diagnosed the appellant as suffering from paraphilia not otherwise specified (nonconsent) (hereinafter paraphilia NOS [nonconsent]). The appellant moved for a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to determine whether the diagnosis of paraphilia NOS (nonconsent) has achieved general acceptance in the psychiatric and psychological communities. The Supreme Court denied the motion. After a jury trial at which evidence of the paraphilia NOS (nonconsent) diagnosis was admitted, the appellant was found to suffer from a "mental abnormality" as that phrase is defined in Mental Hygiene Law § 10.03(i). At the conclusion of a dispositional hearing, the court determined that the appellant is currently a dangerous sex offender requiring civil confinement. The appellant appeals from an order granting the petition and directing that he be committed to a secure [*2]treatment facility for care and treatment.
By decision and order dated November 12, 2015, this Court remitted the matter to the Supreme Court, Queens County, for the purpose of conducting a Frye hearing to resolve the question of whether the diagnosis of paraphilia NOS (nonconsent) has achieved general acceptance in the psychiatric and psychological communities, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Richard S., 133 AD3d 672). The Supreme Court has now filed its report, in which it found that the State failed to establish that the diagnosis of paraphilia NOS (nonconsent) is generally accepted in the psychiatric and psychological communities. The parties submitted supplemental briefing to this Court regarding, inter alia, the correctness of the Supreme Court's Frye determination.
The long-recognized rule of Frye is that "expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance' in its specified field" (People v Wesley, 83 NY2d 417, 422, quoting Frye v United States, 293 F at 1014). In Frye, the court stated: "Just when a scientific principle or discovery crosses the line between the experimental and demonstrable stages is difficult to define. Somewhere in this twilight zone the evidential force of the principle must be recognized, and while courts will go a long way in admitting expert testimony deduced from a well-recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs" (Frye v United States, 293 F at 1014 [emphasis added]). "The burden of proving general acceptance rests upon the party offering the disputed expert testimony" (Ratner v McNeil-PPC, Inc., 91 AD3d 63, 71). "The general acceptance of novel scientific evidence such as a psychological syndrome may be established through texts and scholarly articles on the subject, expert testimony, or court opinions finding the evidence generally accepted in the relevant scientific community" (People v Wernick, 215 AD2d 50, 52, affd 89 NY2d 111).
Here, the record supports the Supreme Court's conclusion that the State failed to establish that the diagnosis of paraphilia NOS (nonconsent) is generally accepted in the psychiatric and psychological communities. The evidence at the Frye hearing showed that there was no clear definition or criteria for the diagnosis, the diagnosis could not be reliably distinguished from other motivations for rape, the articles offered in support of the diagnosis did not reflect a wide, significant, or well-rounded body of research supporting the validity of the diagnosis, and the diagnosis was repeatedly rejected for inclusion in the Diagnostic and Statistical Manual of Mental Disorders (hereinafter DSM) or in the DSM appendix (see Matter of State of New York v Donald DD., 24 NY3d 174, 186-187; Matter of State of New York v Kareem M., 51 Misc 3d 1205[A], 2016 NY Slip Op 50427[U] [Sup Ct, NY County]; Matter of State of New York v Jason C., 51 Misc 3d 553 [Sup Ct, Kings County]). Thus, evidence of the paraphilia NOS (nonconsent) diagnosis should not have been admitted at trial. Since the error was not harmless, the matter must be remitted to the Supreme Court, Queens County, for a new trial on the issue of mental abnormality, excluding evidence of the paraphilia NOS (nonconsent) diagnosis, and, if necessary, a new dispositional hearing.
HALL, J.P., ROMAN, SGROI and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court