Matter of State of New York v Hilton C. (2018 NY Slip Op 01071)





Matter of State of New York v Hilton C.


2018 NY Slip Op 01071


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-02737
 (Index No. 5/14)

[*1]In the Matter of State of New York, respondent,
v
Hilton C. (Anonymous), appellant.


Mental Hygiene Legal Service, Mineola, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Eric T. Schneiderman, Attorney General, New York, NY (Anisha S. Dasgupta, Andrew Rhys Davies, and Andrew W. Amend of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), entered February 26, 2015. The order, upon a finding, made after a jury trial, that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a sex offender requiring civil confinement, granted the petition pursuant to Mental Hygiene Law article 10 and directed that the appellant be subject to a regimen of strict and intensive supervision and treatment. By decision and order dated June 29, 2016, this Court remitted the matter to the Supreme Court, Nassau County, for the purpose of conducting a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to resolve the question of whether the diagnosis of unspecified paraphilic disorder has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court, and held the appeal in abeyance in the interim (see Matter of State of New York v Hilton C., 140 AD3d 1176). The Supreme Court, Nassau County, has now filed its report.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of mental abnormality, excluding evidence of the unspecified paraphilic disorder diagnosis, and, if necessary, a new dispositional hearing.
In March 2014, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. Prior to trial, after two psychologists evaluated the appellant at the State's request and issued reports in which they diagnosed the appellant as suffering from, among other things, "unspecified paraphilic disorder," the appellant moved for a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to determine whether the diagnosis of unspecified paraphilic disorder had achieved general acceptance in the psychiatric and psychological communities. The Supreme Court denied the appellant's motion. After a jury trial, the appellant was found to suffer from a "mental abnormality" as that phrase is defined in Mental Hygiene Law § 10.03(i). At the conclusion of a dispositional hearing, the court determined that the appellant is currently a sex offender requiring strict and intensive supervision.
The appellant appeals from an order granting the petition and directing that he be subject to a regimen of strict and intensive supervision, arguing, among other things, that the Supreme Court erred in denying his motion for a Frye hearing. In a decision and order dated June 29, 2016, we held the appeal in abeyance and remitted the matter to the Supreme Court, Nassau County, for the purpose of conducting "a Frye hearing to resolve the question of whether the diagnosis of unspecified paraphilic disorder' has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and thereafter to report to this Court with all convenient speed" (Matter of State of New York v Hilton C., 140 AD3d 1176, 1178).
Upon completion of the Frye hearing, the Supreme Court determined that the State established that the diagnosis of unspecified paraphilic disorder was generally accepted in the psychiatric and psychological communities and that testimony regarding that diagnosis was properly admitted at the appellant's trial. The parties submitted supplemental briefing to this Court on the issue of, inter alia, the Supreme Court's Frye determination. We now reverse and remit for a new trial.
Initially, contrary to the appellant's contention, the verdict was supported by legally sufficient evidence since there was a valid line of reasoning by which the jury could conclude that the appellant suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and the verdict was not contrary to the weight of the evidence, as it was supported by a fair interpretation of the evidence (see Matter of State of New York v Dennis K., 27 NY3d 718, 751; Matter of State of New York v Shannon S., 20 NY3d 99, 107-108). However, we conclude that reversal is required since, contrary to the Supreme Court's determination at the conclusion of the Frye hearing, the State failed to establish on this record that the diagnosis of unspecified paraphilic disorder has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible.
New York courts permit expert testimony based on scientific principles or procedures only after the principle, procedure, or theory has gained general acceptance in the relevant scientific field (see People v Wesley, 83 NY2d 417, 422; Frye v United States, 293 F 1013). Under the Frye standard, the burden of proving general acceptance rests upon the party offering the disputed expert testimony (see Cumberbatch v Blanchette, 35 AD3d 341, 342-343; Zito v Zabarsky, 28 AD3d 42, 44). The test of reliability is "not whether a particular procedure is unanimously indorsed by the scientific community, but whether it is generally acceptable as reliable" (People v Middleton, 54 NY2d 42, 49). "Frye is not concerned with the reliability of a certain expert's conclusions, but instead with whether the [expert's] deductions are based on principles that are sufficiently established to have gained general acceptance as reliable" (Lipschitz v Stein, 65 AD3d 573, 576 [internal quotation marks omitted]). The Frye test asks "whether the accepted techniques, when properly performed, generate results accepted as reliable within the scientific community generally" (People v Wesley, 83 NY2d at 422; see People v Wernick, 89 NY2d 111, 115-116).
At the Frye hearing, Dr. David Thornton and Dr. Kostas Katsavdakis, who testified for the State, and Dr. Joe Scroppo, who testified on behalf of the appellant, agreed that the forensic use of the diagnosis of unspecified paraphilic disorder, which was added to the latest edition of the Diagnostic and Statistical Manual of Mental Disorders (hereinafter DSM-5) in 2013, was problematic and controversial, since there was no clear definition or criteria for the proposed disorder. Moreover, all of the experts testified that there was no research demonstrating the reliability of the unspecified paraphilic disorder diagnosis after its introduction in the DSM-5 in 2013. Notably, the experts were not aware of any published research, clinical trials, or field studies regarding unspecified paraphilic disorder.
Accordingly, we conclude that the State failed to establish that the diagnosis of unspecified paraphilic disorder has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, and as such, that diagnosis should not have been admitted at the appellant's trial. Since the admission of this testimony was not harmless, we remit the matter to the Supreme Court, Nassau County, for a new trial on the issue of [*2]mental abnormality, excluding evidence of the unspecified paraphilic disorder diagnosis, and, if necessary, a new dispositional hearing.
In light of our determination, we need not reach the appellant's remaining contentions.
LEVENTHAL, J.P., MILLER, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court